**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MUSA KAMARA,<br><br>Petitioner,<br><br>v.<br><br>CRAIG LOWE,<br><br>Respondent. | No. 4:26-CV-01669<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 28, 2026**

Petitioner Musa Kamara is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. Kamara commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, his second such petition in this circuit in only a matter of months. He seeks immediate release from detention. For the following reasons, the Court will deny Kamara's Section 2241 petition.

## I. BACKGROUND

Kamara is a native and citizen of Liberia who entered the United States in November 2023 without lawful admission or parole.[1] He was apprehended by United States Customs and Border Protection agents in Arizona as part of a group

[1] Doc. 9-3 at 2.

of sixteen individuals.[2] He was served with a notice to appear on November 18, 2023, charged as removable pursuant to Section 212(a)(6)(A)(i) of the INA (alien present in the United States without being admitted or paroled), and released on his own recognizance.[3]

On February 28, 2024, Kamara filed an I-589 Application for Asylum with the United States Citizenship and Immigration Services (USCIS).[4] It also appears that he obtained work authorization during his release.[5]

On October 3, 2025, ICE took Kamara into custody at a scheduled appointment at its Philadelphia Field Office.[6] According to ICE's documents, at this appointment "it was determined that Kamara would be taken into custody and processed as a custody redetermination."[7] No further explanation or reasoning is given except that "Kamara is subject to President Donald Trump's Executive Order, titled 'Protecting the American People Against Invasion,' signed on January 20, 2025."[8]

On October 30, 2025, Kamara was served with a notice of additional charges for inadmissibility, alleging that he was inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I), for not being in

2 Doc. 9-2 at 6; Doc. 9-3 at 2.
3 Doc. 9-2 at 6; Doc. 9-3 at 2.
4 Doc. 9-2 at 6.
5 *Id.* at 7.
6 *Id.* at 5.
7 *Id.* at 6.
8 *Id.* at 7.

possession of valid immigration, travel, or entry documents at the time of admission.[9] On January 5, 2026, an immigration judge (IJ) denied Kamara's applications for relief from removal and ordered Kamara removed to Liberia.[10] Kamara appealed this decision to the Board of Immigration Appeals (BIA) the following day.[11] That appeal remains pending.

Kamara filed his first habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania on January 29, 2026, challenging his detention.[12] On March 9, 2026, the court granted Kamara's petition to the extent that within 30 days, he was to be given a bond hearing before a neutral IJ.[13] A bond hearing was held on March 23, 2026, and bond was denied.[14] Kamara attempted to have the district court assume jurisdiction and order his release, but that request was denied on April 28, 2026.[15]

Kamara lodged the instant *pro se* habeas petition in this Court on June 17, 2026, his second such petition.[16] The Court ordered expedited briefing.[17] Respondent timely responded to the petition on July 14, 2026.[18] Kamara filed a

---

9 Doc. 9-5.
10 Doc. 9-4.
11 Doc. 9-6.
12 *See Kamara v. Rose*, No. 3:26-cv-00116, Doc. 1 (W.D. Pa. Jan. 29, 2026).
13 *See id.*, Doc. 12 (text-only order) (W.D. Pa. Mar. 9, 2026).
14 Doc. 9-7.
15 *See Kamara*, No. 3:26-cv-00116, Doc. 16 (text-only order) (W.D. Pa. Apr. 28, 2026).
16 Doc. 1.
17 Doc. 6.
18 *See generally* Doc. 9.

traverse on July 30, 2026.[19] His Section 2241 petition is therefore ripe for disposition.

## II. Standard of Review

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."[20] Because Kamara filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition.[21]

## III. Discussion

Kamara was ordered removed to Liberia. He has appealed that decision to the BIA and his appeal remains pending, so his order of removal is not final. In his Section 2241 petition, he argues that his detention has become unreasonably prolonged and violative of the Fifth Amendment.[22] He requests "immediate release from ICE custody."[23]

---

19 Doc. 10.

20 *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

21 *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement, do not "arise from" removal proceedings and can be addressed by district courts).

22 Doc. 1 at 6.

23 *Id.* at 8.

Respondent initially notes that the government's official position is that Kamara is detained pursuant to 8 U.S.C. § 1225(b)(2)(A),[24] while Kamara maintains that he is detained under 8 U.S.C. § 1226(a). Respondent's argument regarding why Kamara is detained under Section 1225(b)(2)(A), however, has been repeatedly rejected by numerous courts within and beyond this district.[25] Indeed, this Court has soundly rejected Respondent's argument on multiple occasions.[26] Respondent, presumably aware of these decisions, subsequently addresses Kamara's detention as pursuant to Section 1226(a).[27] The Court will do the same.

Section 1226(a) of Title 8 of the United States Code provides that "[o]n a warrant issued by the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States."[28] The relevant implementing regulations state that a detainee under Section 1226(a)

---

24 *See* Doc. 9 at 8, 9.

25 *See Quispe v. Rose*, 819 F. Supp. 3d 362, 369-72 (M.D. Pa. 2025) (Mehalchick, J.); *Patel v. O'Neil*, No. 3:25-cv-2185, 2025 WL 3516865, at *4-5 (M.D. Pa. Dec. 8, 2025) (Mariani, J.); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases); *Del Cid v. Bondi*, 3:25-cv-00304, 2025 WL 2985150, at *14-17 (W.D. Pa. Oct. 23, 2025); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56 (7th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69-70 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1266, 1285 (11th Cir. 2026); *Barco Mercado v. Francis*, 811 F.Supp.3d 487, 494-95 (S.D.N.Y. 2025) (collecting 350 cases). *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

26 *See, e.g.*, *Galvez Garcia v. Warden, Pike Cnty. Corr. Facility*, No. 4:26-cv-02159, 2026 WL 2496707, at *1-2 (M.D. Pa. Aug. 25, 2026) (Brann, C.J.); *Tursunov v. Butler*, No. 4:26-cv-00826, 2026 WL 1483741, at *1-2 (M.D. Pa. May 27, 2026) (Brann, C.J.); *Magatte v. Noem*, No. 4:26-cv-00597, 2026 WL 780726, at *1-2 (M.D. Pa. Mar. 19, 2026) (Brann, C.J.).

27 *See* Doc. 9 at 9-12.

28 8 U.S.C. § 1226(a) (emphasis added).

may be released on bond by ICE or by an immigration judge if the detainee "demonstrate[s] . . . that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding."[29] If a Section 1226(a) detainee is denied release at the initial bond hearing, he may request a custody redetermination hearing before an immigration judge.[30] That request will "be considered only upon a showing that the alien's circumstances have changed materially."[31] Both the initial bond determination and subsequent custody decisions can be appealed to the Board of Immigration Appeals (BIA).[32]

In response to his first Section 2241 petition in the Western District of Pennsylvania, Kamara was provided a bond hearing before a neutral immigration judge. That hearing occurred on March 23, 2026. Although the IJ ultimately denied bond, Kamara was permitted to present evidence and make arguments, and he was given an individualized determination on the merits of his claim.[33] The United States District Court for the Western District of Pennsylvania subsequently found that his bond hearing was free of constitutional error.[34]

Less than two months later, Kamara filed the instant Section 2241 petition. He claims that his detention has become unreasonably prolonged and violates due

---

29 8 C.F.R. § 236.1(c)(8).
30 *Id.* § 236.1(d)(1).
31 *Id.* § 1003.19(e).
32 *Id.* § 236.1(d)(3).
33 *See Kamara*, No. 3:26-cv-00116, Doc. 16 (text-only order) (W.D. Pa. Apr. 28, 2026).
34 *See id.*

process, but he is wrong. Kamara, as a Section 1226(a) detainee, has been provided the process that is due. To the extent that he believes the government should bear the burden of proof regarding whether he should continue to be detained or released on bond,[35] the United States Court of Appeals for the Third Circuit has held that Section 1226(a) detainees bear the burden of proof for bond determinations "at all times."[36] And inasmuch as Kamara disagrees with the IJ's reasoning for denying bond and asks this Court to order his release, such an argument is essentially "asking this Court to directly review the IJ's bond decision, a task which Congress has expressly forbidden us from undertaking."[37]

Finally, if Kamara disagreed with the IJ's bond determination, he had the ability to appeal that determination to the BIA.[38] Indeed, Kamara appears to have reserved his right to appeal.[39] This administrative appellate review is further available process regarding his Section 1226(a) detention.

Kamara has established no constitutional violation with respect to his Section 1226(a) detention or his underlying bond hearing. Although he maintains that the duration of his detention violates his constitutional rights, he "cites no

---

35 *See* Doc. 10 at 4 (claiming, incorrectly, that "DHS bears the burden of proving, by clear and convincing evidence, that continued detention is necessary because the noncitizen poses either a danger to the community or a risk of flight").

36 *Borbot*, 906 F.3d at 279.

37 *Id.*; *see* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").

38 *See* Doc. 9-7 at 2; 8 C.F.R. § 236.1(d)(3).

39 *See* Doc. 9-7 at 2 (checking boxes that "Appeal" was "reserved").

authority, and we can find none, to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."[40] The Court therefore cannot grant Kamara the habeas relief he requests.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Kamara's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

40 *Borbot*, 906 F.3d at 276-77.